Eastern District of Kentucky
FILED
APR 1 9 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-348-JBC

OLIVER F. HAYS,                          PLAINTIFF

V.        **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
Social Security Administration,                  DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Oliver F. Hays, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision that based on his application for Disability Insurance Benefits (DIB) filed on September 10, 2001, he was not disabled.

This matter is before the court on cross-motions for summary judgment. [DE ##4, 5].

By Order of January 20, 2006, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

In his present application[1], plaintiff alleged that he became disabled on August 28, 2001, at age 39, due to degenerative disc disease, spondylosis, leg numbness, groin pain, and stomach problems. (Tr. 20). Plaintiff has past relevant work (PRW) experience as a truck driver, carpenter and laborer, and a machine operator. (Tr. 20). Plaintiff's DIB application filed on September 10,

---

[1] Plaintiff filed a prior DIB application on February 6, 2001, alleging an onset date of January 15, 2001. This application was denied initially and on reconsideration, resulting in an ALJ hearing on July 17, 2001. On August 27, 2001, ALJ Charles J. Arnold found that plaintiff had not been disabled at any time through the date of that decision. (Tr. 35-41). Plaintiff did not appeal this denial.

2001, was denied initially and on reconsideration, resulting in an ALJ hearing held on June 19, 2003. On October 17, 2003, ALJ Peter M. Davenport found that plaintiff had not been disabled at any time through the date of that decision; therefore, he was not entitled to disability benefits. (Tr. 19-23).

Subsequently, on June 17, 2005, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 9-11), resulting in the filing of the present action for judicial review of the Commissioner's decision.

Summarizing ALJ Davenport's findings, he found that (1) claimant has not engaged in substantial gainful activity since his alleged onset date, (2) claimant's degenerative disc disease is a severe impairment, but that this medically determinable impairment does not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4; (3) claimant's allegations concerning his limitations are not totally credible; (4) claimant is unable to perform any of his past relevant work (PRW); (5) claimant has no transferable skills from his PRW; (6) claimant has the residual functional capacity (RFC) to perform the exertional demands of sedentary work; (7) claimant's non-exertional limitations do not significantly compromise sedentary work; (7) using Medical-Vocational Rule 201.27 as a framework for decision-making, claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of the ALJ decision, October 17, 2003. (Tr. 16-23).

### III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case <u>de</u> <u>novo</u>, resolve conflicts in evidence, or decide questions of credibility. <u>Garner v. Heckler</u>, 745 F.2d 383 (6th Cir. 1984).

## IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of his motion for summary judgment, plaintiff asserts that (1) the ALJ failed to conduct a full and fair hearing, (2) the ALJ should have obtained testimony from a Vocational Expert and a Medical Expert, and (3) the ALJ gave insufficient weight to the opinion of his treating physician, Dr. John Vaughn. Based on these alleged errors and omissions by the ALJ, plaintiff submits that the ALJ's decision is not supported by substantial evidence, that the Commissioner's decision should be reversed, and that he should be awarded disability benefits. Alternatively, plaintiff requests that this case be remanded for further proceedings.

In response, the defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decision, the medical evidence of record, and the transcript of the ALJ hearing.

**A.** **the ALJ hearing conducted on June 19, 2003**

During the questioning of plaintiff by his counsel at the ALJ hearing, plaintiff stated that he was scheduled to be examined by Dr. Steven Kiefer on June 24, 2003, just five days later, for the purpose of obtaining a second opinion concerning his back pain and problems associated therewith. (Tr. 178). Plaintiff's counsel stated that he would like to have Dr. Kiefer's opinion on this matter. Consequently, the ALJ terminated the hearing at that point, but left the record open for thirty (30) days so that plaintiff could be examined by Dr. Kiefer and supplement the medical evidence of record with Dr. Kiefer's report.

3

Subsequently, plaintiff was examined by Dr. Kiefer, as scheduled, and plaintiff supplemented the medical evidence with Dr. Kiefer's report and with additional medical evidence, all of which the ALJ considered prior to issuing his decision.

Plaintiff contends that the ALJ failed to conduct a full and fair hearing by not conducting a second ALJ hearing for the purpose of obtaining additional testimony from plaintiff, testimony from his wife, and testimony from a Vocational Expert and a Medical Expert prior to reaching a decision.

Concerning plaintiff's argument that the ALJ should have conducted a supplemental ALJ hearing for the purpose of obtaining additional testimony from plaintiff, the transcript of the ALJ's hearing on June 19, 2003, reflects that, contrary to plaintiff's claim, the ALJ obtained testimony from plaintiff at that time about his back impairment and pain limitations. (Tr. 177-78). Thus, this argument is non-persuasive.

The Magistrate Judge is also unpersuaded by plaintiff's argument that the ALJ should have conducted a supplemental hearing for the purpose of obtaining testimony from plaintiff's wife. Any lay testimony from plaintiff's wife concerning plaintiff's back impairment and pain would not be equal to objective, medical evidence and would simply be cumulative of plaintiff's testimony regarding his back pain and limitations related to his back condition.

Plaintiff's claim that the ALJ erred by not conducting a second ALJ hearing for the purpose of obtaining expert testimony from a Vocational Expert and a Medical Expert presents a closer call; however, upon review of the record, the Magistrate Judge is unpersuaded by this claim for the following reasons:

**1.  Residual Functional Capacity (RFC)**

For the reasons stated in the following excerpt from the ALJ's decision, the ALJ determined that plaintiff had the RFC to perform work at the sedentary level:

> In the case of **Drummond v. Commissioner of Social Security**, 126 F.3d 837 (6th Cir. 1997), the court held that "absent evidence of an improvement in a claimant's condition, a subsequent Administrative Law Judge is bound by the findings of a previous Administrative Law Judge." In accordance with Acquiescence Ruling 98-4(6), adjudicators must adopt a finding required at a step in the sequential evaluation

4

> process and made by an Administrative Law Judge or the Appeals Council in a final decision on a prior claim, unless there is new and material evidence relating to such a finding or there has been a change in the law.
>
> Based on a thorough review of the objective evidence of record and consistent with the decision issued August 27, 2001 by Administrative Law Judge Charles J. Arnold, the undersigned Administrative Law Judge concludes that the claimant retains the residual functional capacity to perform work at the sedentary exertional level. He should avoid vibrations and hazards, and requires no repetitive bending or twisting.
>
> The treating physician's restrictions of lifting not more than 20 pounds (Exhibit B4F) is not inconsistent with a conclusion that the claimant is able to perform sedentary work. As previously discussed diagnostic testing revealed broad based bulge at the L4, recess stenosis and degenerative disc disease at the L4-L5 and L5-S1 levels (Exhibit B7F), but the claimant's motor examination was intact and straight leg raising was negative on physical examination.

(Tr. 21).

Thus, in the absence of any "new and material evidence" reflecting an improvement in plaintiff's condition, based on *Drummond*, the ALJ was bound by the prior ALJ's finding that plaintiff had the RFC to perform sedentary work.

### 2.     Medical-Vocational Guidelines

Based on the ALJ's finding that plaintiff retained the RFC to perform sedentary work, the ALJ then consulted the Medical-Vocational Guidelines ("the Grids") to determine whether plaintiff could do any other work.

When a claimant's vocational characteristics coincide with the criteria of a rule in the Grids, the existence of jobs in the national economy is established, and the claimant is considered not disabled. *See* 20 C.F.R. §§ 404.1569; 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(b); *Heckler v. Campbell*, 461 U.S. 458, 461-62, 470 (1983). When a plaintiff has both exertional and non-exertional limitations, the ALJ must determine the impact of the plaintiff's non-exertional limitations on his ability to perform work at a particular exertional level in order to determine if the Grids can be used as the basis for the decision. *See* 20 C.F.R. §§ 404.1569; 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)(2). The ALJ made this assessment, concluding as follows:

> The claimant's non-exertional restrictions against vibration and hazards, with no repetitive bending or twisting do not significantly compromise the range of work he can perform (Social Security Rulings 83-14, 85-15, and 96-9p).

5

> Because the claimant's non-exertional limitations do not significantly erode the sedentary occupational base, and considering the claimant's age, education, and work experience, a finding of "not disabled" is supported by application of Medical-Vocational Rule 201.27.

(Tr. 22).

Plaintiff failed to establish that his ability to work was adversely affected by non-exertional limitations that precluded use of the Grids. *See Kimbrough v. Secretary of Health and Human Services*, 801 F.2d 794, 796 (6th Cir. 1986); *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 527-31 (6th Cir. 1981). Therefore, the application of Grid Rule 201.27 established that plaintiff was not disabled and satisfied the Commissioner's burden of showing that work existed in significant numbers in the national economy which plaintiff could perform at the sedentary level of exertion. *See Campbell*, 461 U.S. at 461-62, 470; *Kirk*, 667 F.2d at 527-31.

Consequently, the Magistrate Judge concludes that Grid Rule 201.27 provides substantial evidence to support the ALJ's conclusion that plaintiff could perform other work and that he was not disabled within the meaning of the Social Security Act. Therefore, testimony from a Vocational Expert and a Medical Expert was unnecessary, and the ALJ committed no error by not conducting a second ALJ hearing for the purpose of obtaining testimony from a Vocational Expert and a Medical Expert.

**B.      Weight given to the treating physician's opinion**

Plaintiff contends that the ALJ gave insufficient weight to the opinion of his treating physician, Dr. John Vaughn, an orthopedic surgeon.

The medical evidence reflects that in office notes made in conjunction with plaintiff's office visits to Dr. Vaughn on February 26, 2001, and May 4, 2001, Dr. Vaughn stated: "I believe he is disabled from any occupations for which he is trained by education or experience. If there are any questions, please contact this office." (Tr. 144). However, as pointed out by the defendant, the foregoing medical evidence was part of the medical evidence considered in plaintiff's *prior* DIB application and encompasses that period of time covered by the prior ALJ decision, which was

6

issued on August 27, 2001, and has become final. Thus, the foregoing medical evidence has no impact on plaintiff's current DIB application.

Turning now to the medical evidence compiled from Dr. Vaughn subsequent to the prior ALJ decision issued on August 27, 2001, there are office notes from Dr. Vaughn of record dated February 20, 2003, stating: "Oliver returns with his wife. He has not been working. He has had pain in his back of a chronic nature. He fell 2-3 weeks ago and has had a flare-up of his back pain." (Tr. 146). Dr. Vaughn diagnosed a lumbar contusion superimposed on chronic degenerative disc disease and prescribed Lortab, Flexeril, and Daypro. Id. These office notes contain no opinion by Dr. Vaughn that plaintiff is totally disabled for all work activity.

Additionally, on January 30, 2002, Dr. Vaughn completed a form entitled "Claimant's Supplemental Statement" wherein he states that plaintiff could not return to previous occupation because of pain, that plaintiff was restricted to lifting no more than 20 pounds and that plaintiff should avoid repetitive bending or twisting. (Tr. 140). However, Dr. Vaughn also indicated that plaintiff had the ability to perform either light or sedentary activity for eight (8) hours in an eight-hour workday. (Tr. 142). Thus, Dr. Vaughn has expressed no opinion that plaintiff is totally disabled for all work activity.

Consequently, the Magistrate Judge is unpersuaded by plaintiff's argument that the ALJ gave insufficient weight to Dr. Vaughn's opinion, as the medical evidence from Dr. Vaughn relative to the current DIB application (Tr. 140-42, 146), contains no opinion from Dr. Vaughn that plaintiff is totally disabled for all work activity.

## V. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #4] be **DENIED**, that the defendant's motion for summary judgment [DE #5] be **GRANTED**, and that this action be **DISMISSED and STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This 19th day of April, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE