UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-348-JBC**

**OLIVER F. HAYS,** **PLAINTIFF,**

**V.** **ORDER**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Oliver Hays, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Disability Insurance Benefits. The court referred this matter to United States Magistrate Judge James B. Todd, who prepared Proposed Findings of Fact and Recommendations to which the plaintiff objects. The court, having reviewed the record *de novo* in light of those objections, will adopt the magistrate judge's report and recommendation, grant the Commissioner's motion for summary judgment, and deny the plaintiff's motion for summary judgment.

**The Plaintiff's Objections**

Mr. Hays urges the court to reject the report and recommendation, arguing that the ALJ misapplied the law concerning the preclusive effect of a prior decision denying benefits, and that he did not receive a full and fair hearing from the ALJ.

A.   The Preclusive Effect of a Prior Decision

Absent new and material evidence to the contrary, an ALJ must adopt the findings concerning a final decision of a prior claim. Soc. Sec. Acquiescence Ruling

98-4(6), 63 Fed. Reg. 29771-01. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997). In this case, the plaintiff introduced new medical evidence from Dr. Steven Kiefer (Exhibit B7F, Tr. 149-158). However, this new evidence is consistent with the findings in the prior decision. Accordingly, the ALJ did not err by applying the findings in the previous case to this one.

**B.      The Opportunity for a Full and Fair Hearing**

Mr. Hays argues that he did not receive a fair hearing because he did not have the opportunity to discuss certain issues; because his wife did not testify; because the ALJ failed to consult with a medical expert; and because the ALJ improperly applied the medical-vocational grids instead of taking testimony from a vocational expert.

Mr. Hays had the opportunity to testify at a hearing in June, 2003, and the ALJ inquired about his past relevant work and his current medical problems. The transcript furnishes no indication that Mr. Hays desired to offer any additional testimony or that additional testimony would have aided the ALJ in making his determination. Similarly, no evidence of record indicates that Mr. Hays's wife provided him with medical care. Therefore, her testimony would have been lay testimony, not objective medical evidence, and would be cumulative of Mr. Hays's testimony.

Regarding the ALJ's failure to call a medical expert, there is no indication that testimony from a medical expert would assist the ALJ in analyzing Dr. Kiefer's

report. As to the failure to call a vocational expert, the mere allegation of pain does not preclude the application of the medical-vocational guidelines. *Cole v. Sec'y of Health & Human Servs.*, 820 F.2d 768, 772 (6th Cir. 1987). Rather, the pain must be so disabling as to preclude gainful employment. *Id.* Here, the ALJ did not find that the claimant's pain reached that level. Therefore, the ALJ did not err in using the guidelines instead of taking testimony from a vocational expert. Accordingly,

    **IT IS ORDERED** that the magistrate judge's report and recommendation (DE 7) is **ADOPTED** as the opinion of this court.

    **IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 4) is **DENIED**.

    **IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 5) is **GRANTED**.

Signed on May 8, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3